UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLEN SUMNER § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-12-2551 |
| BOARD OF ADJUSTMENTS OF THE § | |
| CITY OF SPRING VALLEY VILLAGE, § | |
| TX, et al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Dismiss ("Motion") (Doc. No. 10) of Defendants The City of Spring Valley Village, Texas, Board of Adjustments of the City of Spring Valley Village, Texas, Betty Lusk, Richard R. Rockenbaugh, and Art Flores.[1] After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that the Defendants' Motion should be **GRANTED**.

### I. BACKGROUND

Plaintiff is a resident of the City of Spring Valley Village ("the City") and owner of the property at 8306 Leafy Lane, Spring Valley Village, Texas 77055. (Doc. No. 5, Tenth Am. Original Pet. ("Am. Pet.") ¶ 16.) He brings this suit alleging that many of the City's zoning ordinances and certain individual zoning decisions violate the federal Constitution and provisions of the Texas Local Government Code.[2]

The City was incorporated in 1955. (*Id.* ¶ 9.) The original zoning ordinance, adopted in 1956, limited most of the City to single-family, one-story dwellings. (*Id.*) In 1976, the City

---
[1] Plaintiff incorrectly identifies Art Flores as Art Florez.
[2] Only the federal constitutional claims are at issue in this Motion.

1

council amended the original zoning ordinance, creating a new single-family residential district, district D, which permitted two-story houses. (*Id.* ¶ 11.) The regulations also added a height limit that had not previously existed in the zoning ordinance, and a greater side setback distance. (*Id.*) The regulations were otherwise similar to those in district A, which allowed only single-story homes. (*Id.*) In 1981, the City again amended its zoning ordinance to allow two-story residences in district A. (*Id.* ¶ 12.) Then, in 1991, the City changed the definition of a story, eliminated certain height limitations on residential structures, and ultimately eliminated the provision limiting homes to two stories. (*Id.* ¶¶ 14–15.)[3]

In 2009, Patsopon Khananusapkul and Janelia Tse ("the Khananusapkuls") purchased the property located at 8314 Leafy Lane, Spring Valley Village, Texas 77055, which neighbors Plaintiff's property. (*Id.*) The Khananusapkuls then proceeded to construct a new addition to their property. (*Id.*) Sumner had alerted the Khananusapkuls that the survey marker and foundation forms for the new addition appeared to violate the provision of the zoning ordinance regarding building setbacks; however, they did not address his concerns. (*Id.* ¶¶ 18–20.) Around January of 2010, Sumner also voiced his concerns to the Building Official for the City, Art Flores. (*Id.* ¶ 19.) Flores did not investigate because the Khananusapkuls' contractor had provided a form survey indicating compliance. (*Id.*) Sumner proceeded to hire a survey company to conduct a survey regarding the building setback and note any discrepensies with the Khananusapkuls' survey. (*Id.* ¶ 21.) Sumners' surveyor did find discrepancies, but Flores refused to determine where the boundary line between the two properties was, or whether a setback violation had occurred. (*Id.*)

---

[3] The Amended Petition actually indicates that the two-story restriction was eliminated in 1981, not 1991. (Am. Pet. ¶ 15.) However, after reviewing the Amended Petition as a whole, and after reading Plaintiff's Response to Defendant's Motion to Dismiss, it is clear that the two-story restriction was not eliminated in 1981, but in 1991.

Subsequently, the Khananusapkuls' surveyor identified a mistake in the survey and notified the Building Official.  (*Id.* ¶ 22.)  As a result, Flores refused to issue a Certificate of Occupancy and Compliance, and advised the Khananusapkuls to apply for a variance.  (*Id.* ¶ 22.)  They applied for a variance and a hearing was held before the Board of Adjustments of the City of Spring Valley Village, Texas ("the Board") on June 29, 2010.  (*Id.* ¶ 23.)  Plaintiff was present at the hearing and had an opportunity to be heard, but did not have an opportunity to cross-examine the Khananusapkuls or to offer any kind of rebuttal.  (*Id.* ¶ 33.1.)   At the hearing, the Board never determined which survey, the Khananusapkuls' or Plaintiff's, was correct.  (*Id.* ¶ 33.2.)  On July 12, 2010, the Board granted the Khananusapkuls' variance request.  (*Id.* ¶ 23; Am. Pet., Ex. A.)

Around the time of the hearing on the Khananusapkuls' building setback variance request, Sumner also discovered that the Khananusapkuls' new addition violated two other provisions of the zoning ordinance, the provisions addressing height and mechanical setbacks.  (Am. Pet. ¶¶ 24, 26.)  Sumner informed Flores of the alleged violations.  (*Id.*)  Flores advised Sumner that, after discussing the alleged mechanical setback violation with the City Attorney, he had determined that the variance granted by the Board covered any alleged mechanical setback violation.  (*Id.* ¶ 24.)  Flores allegedly refused to consider Sumner's complaint about the mechanical setback violation.  (*Id.* ¶ 26.)

On July 19, 2010, Sumner again filed a complaint about the Khananusapkuls' alleged violation of the height provision of the zoning ordinance.  (*Id.* ¶ 28.)  On September 30, 2010, the Board held a hearing on this complaint.  (*Id.* ¶ 29.)  There, the Khananusapkuls provided a survey as evidence of compliance with the height provision of the ordinance.  (*Id.* ¶ 30.)  Plaintiff contends this survey is unclear in several pertinent respects, and, in any event, manifestly fails to

3

prove compliance with the ordinance. (*Id.*) Nonetheless, the Board ultimately affirmed Flores' decision that the Khananusapkuls new addition did not violate the height provision of the zoning ordinance. (*Id.* ¶ 29.) Plaintiff complains that the Board did not determine how the height provision ought to be interpreted, and did not actually ascertain the height of the new addition on the Khananusapkuls' property. (*Id.* ¶ 32.) He alleges a number of due process violations at these hearing. Namely, he challenges the lack of any opportunity to cross-examine the Khananusapkuls or to offer any kind of rebuttal. (*Id.* ¶ 33.1.) He complains of the City Attorney's advice to the Board that the term "grade" carried a different legal meaning in the height provision of the zoning ordinance than it ordinarily does. (*Id.* ¶ 33.2.) He also complains of the Board's reliance on the following evidence, which he contends contains no probative value: the Khananusapkuls' height survey, which the surveyor subsequently admitted was measured from the eave of the roof, and inaccurate representations that many houses in the area would not comply with the ordinance if the height provision were strictly enforced. (*Id.* ¶ 33.3.)

Shortly after Plaintiff filed this lawsuit in state court, the Khananusapkuls moved one of their air conditioning condensers closer to the house. (*Id.* ¶ 31.) Apparently, they did so upon Flores' instruction. (*Id.*) Plaintiff learned, however, that the unit was moved back to comply with a proposed amendment that would require only a four-foot mechanical setback distance, not the five feet required by the zoning ordinance then in effect. (*Id.*) Plaintiff contends this shows that Flores knew of and approved the Khananusapkuls' mechanical setback violation. (*Id.*)

On February 15, 2011, the City passed amendments to the height and mechanical setback provisions of the zoning ordinance. (*Id.* ¶ 34.) Plaintiff challenges these amendments because they were passed in a council meeting, and not recommended and considered by the Planning and Zoning Commission. (*Id.* ¶ 36.1.) Plaintiff contends that amendments to the zoning

ordinance require the Planning and Zoning Commission to give notice and hold a hearing regarding the maximum relaxation of restrictions. (*Id.*) He also argues that these amendments lack any rational basis. (*Id.* ¶¶ 36.2–36.7.)

Plaintiff alleges numerous violations of the Texas Local Government Code, violations of federal substantive and procedural due process, and a violation of federal equal protection. Specifically, he contends that the elimination of the one-story restriction in 1981, the elimination of the two-story restriction in 1991, and the amendments to the height and mechanical setback provisions of the zoning ordinance lack any rational basis, in violation of federal substantive due process. (*Id.* ¶¶ 54, 59, 62.) He also contends that the 1981 amendment eliminating the one-story restriction violates equal protections "because it transferred value from one group of property owners to another." (*Id.* ¶ 65.) Although he does not clearly delineate them in the "Causes of Action" portion of his Amended Petition, Plaintiff also appears to raise several claims of deprivation of procedural due process, premised on the City's handling of his numerous allegations that the Khananusapkuls violated the zoning ordinance. (*Id.* ¶¶ 31–33.5, 46.3.) He seeks damages, attorneys' fees, and a declaratory judgment. (*Id.* ¶¶ 66–96.) Defendants now move to dismiss Plaintiff's federal claims.[4]

## II.   LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing

---

[4] In addition to the above-mentioned federal claims, Defendants also move to dismiss a takings claim as not ripe. (Mot. at 9–11.) However, Plaintiff denies raising a takings claim. (Resp. at 3, 13–14.) Accordingly, the Court does not address any arguments regarding a takings claim.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Twombly*, 550 U.S. at 556 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."). That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678.

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, 748 F. Supp. 2d 656 (S.D. Tex. 2010).

The Federal Rules of Civil Procedure provide that "leave (to amend the complaint) shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[G]ranting leave to amend is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (citation omitted). The Court should generally "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Id*.

### III.   ANALYSIS

#### A.   Procedural Due Process

Plaintiff argues that he was deprived of procedural due process during the City's determinations that the Khananusapkuls' new addition should be allowed to stand. (Am Pet. ¶¶ 31–33.5, 46.3.) Procedural due process rights attach only when a plaintiff first establishes the existence of a protected liberty or property interest. *Bd. of Regents of State Colls v. Roth*, 408 U.S. 564, 569 (1972); *Schaper v. City of Huntsville*, 813 F.2d 709, 713 (5th Cir. 1987). Protected property interests are found not in the Constitution, but in independent sources, such as state or local law. *Roth*, 408 U.S. at 578; *Schaper*, 813 F.2d at 713; *Cnty. Line Joint Venture v.*

*City of Grand Prairie, Tex.*, 839 F.2d 1142, 1144 (5th Cir. 1988). If a plaintiff can show that he was denied a protected property interest, a court must consider what process the defendant provided and whether it was adequate. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 220 (5th Cir. 2012); *Meza v. Livingston*, 607 F.3d 392, 401–02 (5th Cir. 2010).

Plaintiff's Amended Petition does not specify the protected interest at stake. It appears, from reviewing Plaintiff's Response, that the protected interest claimed is the interest Sumner has in the City enforcing its zoning ordinance against his neighbors. (Resp. at 14–16.) Plaintiff argues that he has a protected property interest in such enforcement because failing to require compliance with the zoning ordinance affects his privacy interest, his interest in maintaining a view, his interest in maintaining the character of the neighborhood, his desire to improve his property in accordance with his means, and his interest in maintaining a quiet neighborhood free from the noise that attends renovations. (*Id.* at 22–25.)

Plaintiff has not identified a property interest protected under Texas law. There is simply no protected property interest in having a zoning ordinance enforced against one's neighbors. *See Horton v. City of Smithville*, 117 Fed. App'x 345, 347 (5th Cir. 2004). Indeed, this case is indistinguishable from *Horton*.[5] In *Horton*, the plaintiffs challenged Smithville's decision to allow other property owners to stage a live music event on their property. *Id.* at 346. The Hortons argued that, "the City's decision implicated their property interests in the investment value and the peaceful use and enjoyment of their home." *Id.* at 347. The Fifth Circuit began by recognizing that the "true interest" asserted was the "right to have Smithville enforce its zoning ordinances in the way that the Hortons believe they should be enforced." *Id.* The *Horton* court

---

[5] In *Horton*, the plaintiffs argued that, in failing to enforce the zoning ordinance, the City of Smithville violated substantive due process; they did not argue a violation of procedural due process. *Horton*, 117 Fed. App'x at 347–48. However, the *Horton* court's analysis of whether a property interest existed is just as applicable to Sumner's procedural due process claims.

then explained explain that, "discretionary statutes do not give rise to constitutionally-protected property interests." *Id.* at 347–348.  Here, Plaintiff also couches his interest in having the City's zoning ordinance enforced by referring to the negative impact on his property.  Like the plaintiffs in *Horton*, Sumner can cite to no law requiring enforcement of the zoning ordinance provisions.[6] Rather, it is uncontested that the City may grant variances, which indicates that enforcement is, at least to some degree, discretionary.  (Am. Pet. ¶ 23.)  For the same reasons the plaintiffs in *Horton* could state no protected property interest, Sumner has not identified a protected property interest.

Furthermore, Texas case law makes clear that an individual has no protected property interest in the continued use of his property for a particular purpose just because such use has commenced or an initial zoning classification has been made.  *City of Univ. Park v. Benners*, 485 S.W.2d 773, 778 (Tex. 1972), *abrogated on other grounds by Bd. of Adjustment of City of San Antonio v. Wende*, 92 S.W.3d 424 (Tex. 2002); *City of La Marque v. Braskey*, 216 S.W.3d 861, 863 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).  Accordingly, the mere fact that Plaintiff has grown accustomed to a certain degree of privacy and a particular neighborhood character does not grant him a protected property interest in these qualities.

Because Sumner has not identified any protected property interest, there is no need to assess whether Sumner was afforded adequate process during the City's determinations of whether his neighbors had violated the zoning ordinance.  Defendants' Motion is **GRANTED** as to Plaintiff's procedural due process claims.

      B.    **Substantive Due Process**

---

[6] Plaintiff's citation to the language in the zoning ordinance providing that "it is the responsibility of the City of Spring Valley Village to enforce provisions of this Comprehensive Zoning Ordinance" is inapposite.  It does not make enforcement of any particular provision mandatory, and it does not purport to strip the City of discretion.

Sumner argues that the elimination of the one-story restriction in 1981, the elimination of the two-story restriction in 1991, and the amendments to the height and mechanical setback provisions of the zoning ordinance violate federal substantive due process. (*Id.* ¶¶ 54, 59, 62.) "Attacks against zoning plans . . . have only rarely been sustained." *Shelton v. City of Coll. Station*, 780 F.2d 475, 479 (5th Cir. 1986) (en banc) (citations omitted). "[G]overnment actions involving social and economic regulation that do not interfere with the exercise of fundamental rights or rely upon inherently suspect classifications such as race, religion or alienage are presumed to be constitutionally valid." *Yur-Mar, L.L.C. v. Jefferson Parish Council*, 451 Fed. App'x 397, 401 (5th Cir. 2011) (citing *City of New Orleans v. Dukes*, 427 U.S. 297, 303–04 (1976) and *Williamson v. Lee Optical of Okla.*, 348 U.S. 483, 488 (1955)); *see also Reid v. Rolling Fork Pub. Util. Dist.*, 854 F.2d 751, 753–54 (5th Cir. 1988). "A zoning decision violates substantive due process only if there is no conceivable rational basis under which the government *might* have based that decision." *Id.* (citing *Shelton*, 780 F.2d at 477) (emphasis added). "In other words, such government action comports with substantive due process if the action is rationally related to a legitimate government interest." *FM Props. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996) (citing *Schafer*, 743 F.2d at 1089).

Here, Plaintiff concedes that the progressive relaxations of the original zoning ordinance to allow multi-story dwellings were enacted with an eye toward increasing the value of lots. (*See* Am. Pet. ¶¶ 12, 14.) Plaintiff contends that increasing land value does not constitute a legitimate government objective. (Resp. at 18.) This is flatly incorrect. As the Fifth Circuit has recognized, the desire to "enhance property values" may "easily serve as the rational basis for a municipal zoning ordinance." *Yur-Mar*, 451 Fed. App'x at 401. The cases Plaintiff cites that supposedly stand for the contrary position are entirely irrelevant. *See Lingle v. Chevron*, 544

U.S. 528 (2005) (discussing the proper legal standard to apply to a Fifth Amendment taking claim); *Mayhew v. Town of Sunnyvale,* 774 S.W.2d 284, 295 (Tex. App.—Dallas 1989, writ denied) (discussing whether a zoning ordinance complies with a since-repealed Texas statute).

Plaintiff also takes issue with the height amendment passed in 2011, arguing that it is irrational because the height limit on two-story houses is the height of a typical four-story house. (Am. Pet. ¶ 36.3.)  He contends this cannot possibly be rational because no two-story house would violate such a restriction. (*Id.*) There is nothing illegitimate about a local government deciding to allow homes with high ceilings, and to make abundantly clear that a two-story home may be as tall as the owner wishes.

Plaintiff also contends that the mechanical setback amendment passed in 2011 violates due process. He alleges the City's rationale, a desire to accommodate portable generators, cannot possibly justify a shorter setback distance, as portable generators are very noisy. (Am. Pet. ¶ 36.6.) This complaint also does not implicate federal due process concerns. The City may have determined that the value of accommodating portable generators outweighs the attendant noise. While Plaintiff may disagree with the City's decision, the Constitution does not "insist that a local government be right." *Horton*, 117 Fed. App'x at 348 (citing *FM*, 93 F.3d at 174); *see also Bush v. City of Gulfport, Miss.*, 454 Fed. App'x 270, 279 (5th Cir. 2011) ("[T]he power to decide, to be wrong as well as right on contestable issues, is both [a] privilege and curse of democracy.") (citing *FM*, 93 F.3d at 174).

Additionally, to the extent that Plaintiff is arguing that the various zoning amendments violate due process because they do not comport with provisions of the Texas Local Government Code, that argument is also unavailing. The "due process clause does not require a state to implement its own law correctly." *Horton*, 117 Fed. App'x at 348 (citing *FM*, 93 F.3d at 174).

Indeed, "[c]onverting alleged violations of state law into federal . . . due process claims improperly bootstraps state law into the Constitution." *Id.* at 174. "[R]eview of municipal zoning is within the domain of the states, the business of their own legislatures, agencies, and judiciaries, and should seldom be the concern of federal courts." *FM*, 93 F.3d at 173–74 (citing *Shelton*, 780 F.2d at 477).

Finally, the Court does not read Plaintiff's Amended Petition to include a claim that the Board's decisions regarding the Khananusapkuls' new addition violate substantive due process. (*See generally* Am. Pet.) Nor does Plaintiff make such an argument in his response. (*See generally* Resp.) Accordingly, there is no need to address those portions of Defendants' Motion arguing that Plaintiff has not pled a substantive due process claim premised on the Board's decisions regarding the Khananusapkuls' new addition. (Mot. at 18–19.)

### C. Equal Protection

Sumner also contends that the 1981 amendment eliminating the one-story restriction violates equal protections "because it transferred value from one group of property owners to another." (*Id.* ¶ 65.) By this, the Court understands Sumner to mean that those residents who opt not to upgrade their homes to the larger homes now permitted will have relatively less valuable lots than their neighbors who do build larger homes. "Zoning classifications (at least in the absence of a classification affecting fundamental personal rights or based upon inherently suspect distinctions such as race, religion, or alienage) are subject to the same rational basis analysis utilized in due process claims." *Jackson Court Condominiums, Inc. v. City of New Orleans*, 874 F.2d 1070, 1079 (5th Cir. 1989).

Here, no protected class is implicated. The Court has already found that a rational basis exists that would justify the City's 1981 amendment to the zoning ordinance: the desire to

12

increase property values in the City.  *See* Part III.B.  The fact that this goal may eventually have the effect of pricing out lower-income residents or residents who wish to live in a more modest neighborhood, though understandably upsetting to Plaintiff, does not constitute a violation of equal protection.

### D. Leave to Amend

Although leave to amend should be freely given, Fed. R. Civ. P. 15(a), courts may deny leave when amendment would be futile.  *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010) (holding that denial of leave to amend may be appropriate when amendment would be futile); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (A proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief can be granted.")  Here, Plaintiff has filed ten amended petitions in state court before this case was removed.  Furthermore, while the present Motion to Dismiss was pending, Plaintiff also filed an Eleventh Amended Original Petition in this Court, without leave and without Defendants' consent, which this Court struck.  (*See* Doc. Nos. 28, 32.)  The Eleventh Amended Original Petition, though more clearly organized, contains the same deficiencies as the Tenth Amended Petition discussed here.  Plaintiff has had plenty of time and opportunity to plead all relevant facts, and this Court strongly doubts he will be able to state a due process or equal protection claim in the twelfth iteration of his pleadings.  Nonetheless, the Court grants Plaintiff one more chance to plead facts that would cure the deficiencies identified here.  Plaintiff has thirty days from the date of filing of this Memorandum and Order to file a Motion for Leave.  The Motion for Leave must identify the changes Plaintiff wishes to make and demonstrate that the amendments cure the defects identified in this Memorandum and Order.

### IV.   CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's due process and equal protection claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff has thirty days to file a Motion for Leave to File an Amended Complaint. If Plaintiff does not seek leave to amend within thirty days, the federal claims will be dismissed with prejudice.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 29th day of March, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE